UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**OSCAR VELIZ ET AL.**                                                                                       **CIVIL ACTION**

**VERSUS**                                                                                                        **No. 15-6339**

**RIMAX CONTRACTORS, INC. ET AL.**                                                            **SECTION I**

### ORDER AND REASONS

Before the Court is plaintiffs' motion[1] for entry of a default judgment against defendants, Ricardo Arbelaez ("Arbelaez") and Rimax Contractors, Inc. ("Rimax"). Plaintiffs have already obtained an entry of default as to both defendants from the Clerk of Court.[2] Since plaintiffs obtained the default, however, Rimax has filed an answer[3] and Arbelaez has filed a motion[4] to dismiss for insufficient service of process. Both defendants have also filed an opposition[5] to plaintiffs' motion in which they adequately explain their failure to timely appear in this case. Accordingly, in addition to their opposition to plaintiffs' motion for entry of a default judgment, defendants have also filed a motion[6] asking this Court to set aside the entry of default against them.

Rule 55(c) of the Federal Rules of Civil Procedure provides, "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). When determining whether good cause has been demonstrated, the Court should consider (1) whether the default was willful, (2) whether setting the default aside would prejudice

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 8.
[3] R. Doc. No. 14.
[4] R. Doc. No. 13.
[5] R. Doc. No. 15.
[6] R. Doc. No. 12.

the adversary, and (3) whether a meritorious defense is presented. *In re Chinese Manufactured Drywall Prods. Liability Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)); *see also CJC Holdings*, 979 F.2d at 64. "Of these factors, two can be determinative: a district court may refuse to set aside [an entry of default] if it finds either that the default was willful or that the defendant failed to present a meritorious defense." *Scott*, 2014 WL 274493, at *4; *see also In re OCA*, 551 F.3d at 370; *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119-20 (5th Cir. 2008); *Dierschke v. O'Cheskey*, 975 F.2d 181, 183-84 (5th Cir. 1992).

Defendants present the same substantive arguments in both their opposition to plaintiffs' motion and in their motion to set aside the entry of default. In short, Arbelaez argues that the default is void as to him because he was never properly served.[7] Rimax explains that, although it was properly served, it was unaware of the lawsuit until after the default had been entered due to excusable neglect.[8] As soon as Rimax became aware of this litigation, however, it claims to have "immediately identified and retained counsel."[9] Both defendants further contend that the failure to respond was not willful, that setting aside the default would not unfairly prejudice plaintiffs, and that they have meritorious defenses to plaintiffs' claims.[10]

The Court is persuaded that defendants have satisfied the Rule 55(c) requirements for setting aside the default. This conclusion is bolstered by the fact that plaintiffs have not filed an opposition challenging any of defendants' arguments. Accordingly, because the Court finds that good cause exists for setting aside the entry of default against defendants,

---

[7] R. Doc. No. 12-1, at 5.
[8] R. Doc. No. 12-1, at 7.
[9] R. Doc. No. 12-1, at 7.
[10] R. Doc. No. 12-1, at 7-8.

3

**IT IS ORDERED** that defendants' motion to set aside the entry of default is **GRANTED**, and that plaintiffs' motion for a default judgment is **DENIED**.

New Orleans, Louisiana, April 6, 2016.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ **LANCE M. AFRICK**
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ **UNITED STATES DISTRICT JUDGE**