UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**OSCAR VELIZ ET AL.**                                           **CIVIL ACTION**

**VERSUS**                                                                **No. 15-6339**

**RIMAX CONTRACTORS, INC. ET AL.**                     **SECTION I**

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, Ricardo Arbelaez ("Arbelaez"), pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure to dismiss plaintiffs' claims against him for insufficient service of process. Plaintiffs oppose[2] the motion. For the following reasons, the Court concludes that Arbelaez has not been properly served, that plaintiffs have not been reasonably diligent in attempting service, and that the claims against Arbelaez should therefore be dismissed without prejudice.

## STANDARD OF LAW

Absent proper service of process, the court cannot exercise personal jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). A motion under Rule 12(b)(5) is the proper way to challenge "the mode of delivery or the lack of delivery of the summons and complaint." 5B Wright & Miller, Federal Practice and Procedure § 1353 (footnote omitted). "When service of process is challenged, the serving party bears the burden of establishing its validity." *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011). But "[t]he general rule is that a signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and

---

[1] R. Doc. No. 13.
[2] R. Doc. No. 20.

convincing evidence."[3]  *Id.*  "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

## ANALYSIS

The relevant facts are not in dispute.  Arbelaez is the chief executive officer of co-defendant, Rimax Contractors, Inc. ("Rimax").  He is allegedly a foreign citizen who at all relevant times has resided in Panama.[4]  Plaintiffs attempted to serve process on Arbelaez at Rimax's office by serving the summons and complaint on non-party Hernestina Deza ("Deza"), the general manager and chief financial officer of Rimax.[5]  In an affidavit attached to Arbelaez's briefing, Deza swears that she is authorized neither by law nor appointment to act as an agent to receive service of process on behalf of Arbelaez.[6]  Arbelaez himself was never personally served.  Neither was service of process delivered to his domicile.[7]

---

[3] It is unclear whether the presumption of valid service applies here.  At least one court has interpreted *Hartmann* as standing for the proposition that the signed return of service constitutes prima facie evidence of valid service only where the service of process "has been effected through personal service on the defendant," and the defendant denies that such personal service took place. *Moreno v. LG Elecs., U.S.A. Inc.*, No. 7:13-CV-427, 2014 WL 11281383, at *3 (S.D. Tex. May 7, 2014).  Such an interpretation of *Hartmann* is logical, given that service was challenged by the plaintiffs in that case on the ground that the process server was lying when he claimed to have left copies of the summons and the complaint with a person of suitable age at the defendants' domicile. 447 F. App'x at 524.

Where the dispute over the validity of service effectively becomes a swearing match, it is reasonable for a court to attribute extra weight to the sworn declaration of the neutral process server.  In situations such as the one before the Court, however, where the question of proper service turns not on factual issues but on legal ones, such a presumption is less compelling.  In any event, the Court finds service of process on Arbelaez to be invalid irrespective of whether plaintiffs' signed return of service on Deza constitutes prima facie evidence of proper service.

[4] R. Doc. No. 12-2, at 2.
[5] R. Doc. No. 5; R. Doc. No. 12-2, at 2.
[6] R. Doc. No. 23-1, at 1.
[7] *See* R. Doc. No. 5.

Rule 4(e) of the Federal Rules of Civil Procedure governs service on individual defendants. Plaintiffs claim that they properly served Arbelaez pursuant to Rule 4(e)(2)(C), which provides that an individual may be served by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process."

Rule 4(f) governs service on individuals located outside of the United States. Pursuant to Rule 4(f):

> **(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
>
> **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> **(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> **(A)** as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> **(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> **(C)** unless prohibited by the foreign country's law, by:
>
> **(i)** delivering a copy of the summons and of the complaint to the individual personally; or
>
> **(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> **(3)** by other means not prohibited by international agreement, as the court orders.

Plaintiffs admit they "did not attempt to serve Defendant in Panama under [Rule] 4(f), which governs service on an individual abroad."[8]

Arbelaez has provided the Court with strong and convincing evidence that plaintiffs' attempt to serve him via Deza was improper. "The Court may consider . . . affidavits when resolving a Rule 12(b)(5) challenge without converting the motion into a motion for summary judgment." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 351 (E.D. La. 2011) (Africk, J.). The undisputed facts show that plaintiffs have not perfected service on Arbelaez via any of the methods described in Rule 4(e) or 4(f). While plaintiffs claim that Deza "represented she was authorized to accept service on behalf of Defendant" to the process server, they offer no sworn affidavit to support that claim and this Court therefore need not consider it. *See Hartmann*, 447 F. App'x at 524 (5th Cir. 2011) (district court did not abuse its discretion in refusing to credit the plaintiff's "un-notarized affidavit claiming that no service was made on him or his wife").[9] In any event, it is irrelevant whether Deza indicated that she was Arbelaez's agent at the time of the attempted service. *Lisson v. ING GROEP N.V.*, 262 F. App'x 567, 569 (5th Cir. 2007) ("[T]he individual sought to be served must have actually authorized another to accept service of process on the would-be principal's behalf."). The attempted service was improper.

---

[8] R. Doc. No. 20, at 2.

[9] Plaintiffs are mistaken to the extent they argue that the process server's return of service, R. Doc. No. 5, supports their contention that Deza represented to the process server that she was Arbelaez's authorized agent for service of process. *See* R. Doc. No. 20, at 2 ("The service returns in the record show that service was made on Hernestina Deza, who represented she was authorized to accept service on behalf of Defendant on December 2, 2015."). The return of service demonstrates only that the process server *believed* that he served process on Arbelaez's agent. It does not indicate that the basis for that belief was any affirmative representation by Deza. As the Court explains above, there is no justification submitted to the Court which would support plaintiffs' belief that Arbelaez, who is admittedly a foreign individual, could be served through Deza.

Pursuant to Rule 4(m), when more than 90 days have elapsed since the complaint was filed and a defendant has yet to be served, a court typically may either dismiss the defendant without prejudice or order the plaintiff to effectuate proper service within a specified time. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Although by its own terms, Rule 4(m) "does not apply to service in a foreign country under Rule 4(f)," that does not mean that the time to serve process in a foreign country is unlimited. *Walker v. Transfrontera CV de SA*, No. 15-40541, 2015 WL 9266637, at *6 (5th Cir. Dec. 18, 2015).

Indeed, the Fifth Circuit has recognized that "Rule 4(f) authorizes a without-prejudice dismissal [of a foreign defendant] when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service [on that foreign defendant]." *Lozano v. Bosdet*, 693 F.3d 485, 488-89 (5th Cir. 2012) (citation omitted). The *Lozano* court continued: "Though we do not insist that foreign service always be the first step, or that it be attempted within the first [90] days [after the complaint is filed], in some cases that will be the only reasonable course. Good faith and reasonable dispatch are the proper yardsticks [for determining when a dismissal for failure to serve a foreign defendant is warranted]." *Id.*

Almost five months have elapsed since plaintiffs filed their complaint[10] and plaintiffs have yet to attempt service on Arbelaez via the methods required by Rule 4(f). Plaintiffs do not challenge Arbelaez's contention that he is a foreign citizen residing in Panama and they offer no evidentiary or other justification for their belief that service on Arbelaez through Deza was proper. Indeed, plaintiffs have not even provided a sworn affidavit supporting their contention that Deza

---

[10] R. Doc. No. 1.

5

held herself out to be Arbelaez's authorized agent.  Considering that such contention is contradicted by Deza's sworn affidavit, the Court declines to give it any weight.

The alleged difficulty in perfecting service on a foreign defendant is no excuse for plaintiffs' failure to make a proper attempt to do so.  Measured by the appropriate legal standards, plaintiffs' efforts fall short.  Accordingly, this Court concludes that plaintiffs have not demonstrated reasonable diligence and good faith in connection with the requirement that they effect proper service on Arbelaez.  *Lozano*, 693 F.3d at 488-89.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and that the claims against Arbelaez are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, April 28, 2016.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**